## Peter Larsen, Appellee, v. Ward Corby Company, Appellant.

### Gen. No. 20,985.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed February 16, 1916. Rehearing denied March 1, 1916.

### Statement of the Case.

Action on the case by Peter Larsen, plaintiff, against Ward Corby Company, defendant, for personal injuries. From a judgment for plaintiff in the sum of $2,000, defendant appeals.

April 19, 1910, at about 11 o'clock in the forenoon, plaintiff was riding east in Washington boulevard, Chicago, on his bicycle. Washington boulevard runs east and west and is intersected at right angles by California avenue. As plaintiff reached the intersection of California avenue, a funeral procession, consisting of about thirty carriages was moving north in the center of said avenue. Plaintiff dismounted from his wheel, waiting for the procession to pass, and stood near the southwest corner of the intersection of said boulevard and avenue. At the time the funeral procession was passing, a two-horse team belonging to the defendant, with driver and empty wagon was going

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

west in Lake street, which runs parallel with and is two blocks north of Washington boulevard. When the team reached California avenue, the funeral procession was passing north across Lake street in said avenue. The driver, to avoid delay and not being able to pass through the funeral procession, turned south in California avenue and drove along the east side of said avenue, the funeral procession proceeding north about the center of the same. The evidence tends to show that as the team approached the north side of Washington boulevard, the last carriage in the funeral procession was nearing the south side of said boulevard. As the last carriage approached Washington boulevard, plaintiff mounted his wheel intending to cross the avenue and proceed east on Washington boulevard. He turned towards the south to go around the rear of the last carriage, and then turned east or northeast. As he came around the rear of the last carriage, defendant's team, which was "going south on a fast trot" as one witness put it, turned to the southwest so as to get on the west side of the street, and collided with the plaintiff. Neither the driver of the team nor the plaintiff knew of the approach of the other until they were but a few feet apart. Both the driver and the plaintiff tried to avoid the collision, but were unable to do so. The pole of the wagon struck the plaintiff in the jaw and he was thrown to the pavement; sustaining an oblique fracture of the left lower jaw bone, a fracture of the right clavicle, and he was otherwise bruised and injured. The driver stopped the team and assisted the plaintiff to a doctor's office in the vicinity. Plaintiff was in the hospital for about two weeks. After the injury he was unable to work for about thirteen weeks. When he returned to work he was unable to properly do his work on account of the injuries. Prior to the accident plaintiff was employed as a night watchman, doing janitor work and sweeping up the floors around a factory. He earned $12 per

week.  The case was tried before the court and jury, and a judgment for $2,000 was entered in favor of the plaintiff.  An appeal was taken to this court where the judgment was reversed and the cause remanded for errors of law. (See 184 Ill. App. 38.)  On a second trial a verdict was returned and a judgment entered for the same amount in favor of the plaintiff, to reverse which this appeal is prosecuted.

The court gave the following instruction for the plaintiff:

"The court instructs the jury that the words "ordinary care," wherever used in these instructions, mean, according to the law of the State of Illinois, that degree of care which a reasonably prudent or cautious person before and at the time in question would take to avoid injury under like circumstances.

"And the court further instructs the jury that the word "negligence," wherever used in these instructions, means, according to the law of the State of Illinois, either an omission to do something which a reasonable person guided by those ordinary considerations which ordinarily regulate human affairs would do, or "negligence" is the doing of something which a prudent and reasonable person would not do under similar or like circumstances.

"And the court further instructs the jury that if they believe from the evidence that the plaintiff was injured and sustained damage as alleged in plaintiff's declaration or in some count thereof, while he was in the exercise of ordinary care, and if they further believe that his injury, if any, was caused by the negligence of defendant, as charged in the declaration or in some count thereof, then, under the law, it becomes the duty of the jury to find a verdict in favor of the plaintiff."

The court refused the following requested instruction for the defendant:

"The jury are instructed that the issues in this case should be determined by them as in any ordinary suit where an ordinary plaintiff sues an ordinary defendant

to recover money giving the verdict to the plaintiff
only if the evidence preponderates in favor of the
plaintiff's contention, and unless it do so preponderate
you should as readily give the verdict for the defend-
ant, and in determining where the preponderance lies
while it does not consist solely in the greater number
of witnesses yet the jury are instructed that the greater
number of credible witnesses on the one side or the
other of any disputed point is proper matter to be
considered in determining the question of preponder-
ance; and you may also consider the position of the wit-
nesses at the time of the accident; that point of view
from which they witnessed it and everything which
appeals to your judgment as affecting the value and
reliability of their testimony."

Louis J. Behan, for appellant.

Frank D. Burgess and Edward Maher, for appellee.

Mr. Justice O'Connor delivered the opinion of the
court.

### Abstract of the Decision.

1. Negligence, § 198*—*when contributory negligence question for
jury.* The rule is that when the inference of contributory negligence
necessarily results from the evidence it becomes a question of law
for the court, but where the evidence is conflicting it is a question
of fact to be determined by the jury.

2. Negligence, § 191*—*when negligence of driver of team ques-
tion for jury.* Where there was evidence that defendant's team was
driven on the wrong side of the street at a fast trot and was not
under proper control, at and prior to the time of the injury caused
by such team, such evidence tended to prove negligence and the
case was properly submitted to the jury.

3. Evidence, § 444*—*when opinion evidence of physician as to
nature of injuries admissible.* Where a doctor, testifying in a per-
sonal injury suit for the plaintiff made a digital examination of the
plaintiff on the day of the trial, first saw plaintiff on such day, and
found injuries on plaintiff's jaw bone and clavicle, such examination

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

was objective and not subjective and the doctor's opinion thereon was admissible.

4. WITNESSES, § 224*—*when defendant may not be cross-examined as to number of dependent children.* Trial court may properly refuse to permit defendant in action on account of personal injuries to cross-examine plaintiff with regard to the ages of children for the purpose of showing that there were no children dependent on plaintiff for support.

5. NEGLIGENCE, § 228*—*when instruction not objectionable as limiting exercise of ordinary care to exact time of collision.* An instruction in an action for personal injuries is not objectionable as limiting the exercise of ordinary care on the part of the plaintiff to the exact time that the collision occurred, because it tells the jury that if they believe from the evidence that the plaintiff was injured and sustained damages as alleged in the declaration or some count thereof, "while in the exercise of ordinary care," where in a prior paragraph of the same instruction "ordinary care" is defined as that degree of care which a reasonably prudent or cautious person before and at the time in question would take to avoid the injury under like circumstances.

6. NEGLIGENCE, § 228*—*when instruction not objectionable as limiting exercise of ordinary care to time of accident.* An objection to an instruction which reads "while in the use of ordinary care," on the ground that it limits the use of ordinary care to the exact time of the injury, is untenable.

7. INSTRUCTIONS, § 250*—*when giving of instruction not reversible error.* Although it is improper to give an instruction which is not applicable to the facts of the case, yet the giving of such instruction will not constitute reversible error, where the reviewing court can see from an examination of the entire record that it did not mislead the jury.

8. INSTRUCTIONS, § 88*—*when instruction on preponderance of evidence misleading.* An instruction enumerating certain things proper to be considered by the jury in determining the matter of the preponderance of the evidence, but which does not leave the jury free to consider all the evidence introduced and all the facts and circumstances in evidence, in determining where the preponderance or greater weight of the evidence lies, is misleading and is properly refused.

9. DAMAGES, § 110*—*when verdict for personal injuries not excessive.* A verdict for $2,000 for personal injuries is not excessive where plaintiff sustained a fracture of the left lower jaw, a fracture of the collar bone, several bruises on different parts of the body, was about ten days in the hospital and under treatment for two or three months and neither clavicle nor collar bone had united

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

four years after the accident, his face was disfigured, and there was evidence that the condition of jawbone and clavicle was permanent.

10. APPEAL AND ERROR, § 1413*—when verdict not disturbed. A verdict for damages will be sustained on appeal where two juries have rendered verdicts for the same sum, and the verdicts have been approved by the trial judges.